**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMBERCREEK MORTGAGE SERVICING, INC., individually and as administrative agent for BCMP Mortgage Investment Corporation, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | No. 17-cv-610 |
| v. | ) ) | |
| RMWM PARTNERS LLC, BRIGHTSPOT LLC, UNKNOWN OWNERS, UNKNOWN OCCUPANTS, UNKNOWN TENANTS, and NON-RECORD CLAIMANTS, | ) ) ) ) | 1460 & 1470 Golf Road Rolling Meadows, Illinois 60008 |
| Defendants. | ) ) ) | |

**PLAINTIFF'S MOTION FOR IMMEDIATE POSSESSION**
**AND APPOINTMENT OF RECEIVER**

**NOW COMES** the Plaintiff, Timbercreek Mortgage Servicing, Inc., individually, and as administrative agent for BCMP Mortgage Investment Corporation, (*"Timbercreek"*), by and through its attorneys, Chapman and Cutler LLP, and respectfully moves this Court for immediate possession of the real property which is the subject matter of the above-captioned litigation through the appointment of a receiver as nominated by Timbercreek to manage the property, pending the outcome of this case, pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/15-1701 *et seq.* In support of this Motion, Timbercreek states as follows:

      1.      Timbercreek, as agent, is the legal holder and owner of a Promissory Note dated September 11, 2015, in the original principal amount of $14,000,000.00 (*"Note A"*) executed by RMWM Partners, LLC (the *"Borrower"*) in favor of BCMP Mortgage Investment Corporation and relating to the property commonly known as: 1460 & 1470 Golf Road, Rolling Meadows,

Illinois 60008 (the *"Property"*). A true and correct copy of Note A is attached as Exhibit B to the Complaint for Foreclosure and Other Relief (the *"Complaint"*). A true and accurate copy of the Complaint is attached hereto as Exhibit 1. Timbercreek is also the legal holder and owner of a Promissory Note dated September 11, 2015 in the original principal amount of $5,440,000.00 (*"Note B"* and together with Note A, the *"Notes"*) executed by the Borrower in favor of Timberlake and also relating to the Property. A true and correct copy of Note B is attached hereto as Exhibit C to Exhibit 1.

2.    The Notes are secured by a Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated September 11, 2015 (the *"Mortgage"*) executed by the Borrower in favor of Timbercreek and relating to the Property. A true and accurate copy of the Mortgage is attached as Exhibit A to Exhibit 1.

3.    The Mortgage grants Timbercreek a mortgage lien and a security interest in the Property, as more fully and legally described in the Mortgage.

4.    Upon the occurrence of an event of default under the Mortgage, Timbercreek is entitled to take possession of the Property and collect the rents or any interest in the Property. Upon the occurrence of an event of default under the Mortgage, Timbercreek is also entitled to have a Receiver appointed to take possession of the Property and collect the rents and proceeds. *See* Exhibit A to Exhibit 1, p. 8.

5.    Default has occurred under the Notes and Mortgage as a result of, among other things, the Borrower's failure to make timely and complete payments when due, failure to establish and maintain Clearing and Cash Management Accounts as required by Sections 3.1 and 3.2 of the Loan Agreement, and further encumbering the property other than with a Permitted

Encumbrance. *See* Affidavit of Paul Jones, attached hereto as Exhibit 2. The Property is a commercial-style shopping center. *Id*.

6.    The appointment of a Receiver is necessary to manage the Property, and/or to collect any rents on the Property, and ensure the preservation and safety of the Property. *See* Exhibit 2.

7.    As of the date of this Motion, Defendants have failed to cure the defaults under the Notes and Mortgage. *See* Exhibit 2.

8.    Section 15-1701(b)(2) of the Illinois Mortgage Foreclosure Law ("*IMFL*") provides that in the case of foreclosure of nonresidential property, the mortgagee, if authorized by the mortgage document, may repossess and enforce its rights under the mortgage by obtaining immediate possession of the property if the court is satisfied there is a reasonable probability the mortgagee will prevail on the final hearing of the cause. 735 ILCS 5/15-1701(b)(2). Section 5/15-1704 of the IMFL also provides that a mortgagee entitled to possession may designate a receiver in lieu of taking possession of the property itself. 735 ILCS 5/15-1704.

9.    As the foregoing paragraphs evidence, the Borrower's failure failure to make timely and complete payments when due, failure to establish and maintain Clearing and Cash Management Accounts as required by Sections 3.1 and 3.2 of the Loan Agreement, and the encumbering of the property other than with a Permitted Encumbrance constitute defaults under the Notes and the Mortgage.

10.    Thus, Timbercreek is entitled, pursuant to the express terms of the Mortgage and the relevant provisions of the IMFL, to immediate and absolute possession of the Property and to designate, in lieu of actual possession, a Receiver to act on its behalf.

- 3 -

11.     Timbercreek, therefore, respectfully prays that this Court grant it immediate possession of the Property and allow Timbercreek to designate a Receiver of lieu in actual possession.  Timbercreek designates Steven Baer of High Ridge Partners (and the agents and employees thereof) as said Receiver.  A copy of the qualifications and experiences of Steven Baer is attached hereto as Exhibit 3.  Timbercreek also prays that this Court waive any Bond requirement pursuant to 735 ILCS 5/15-1705.

12.     Timbercreek respectfully prays that this Court allow the Receiver to remain in place for the time period necessary for the completion of this foreclosure action and the sale of the Property.

**WHEREFORE** the Plaintiff, Timbercreek Mortgage Servicing, Inc., prays that this Court enter an Order granting Timbercreek immediate possession of the Property and appointing a Receiver, as designated by Timbercreek in lieu of actual possession, in the form of the Draft Order attached hereto as Exhibit 4, and further order that:

A.     Steven Baer be appointed receiver for the Property pursuant to 735 ILCS 5/15-1704, pending the resolution of this action;

B.     Defendants turn over to the Receiver all books, records, ledgers, and accounts including but not limited to, all proceeds and security deposits of the Property held in any account holding funds derived from the Property, as well as all the Property's accounts receivable;

C.     The Receiver has full power and authority to manage the Property, collect the proceeds and rents derived from the Property, and distribute them as required by the Mortgage;

- 4 -

D.  The Receiver submit quarterly reports of receipts and expenses to this Court and all parties to this action; and

E.  Such other further relief as this Court deems just and proper.

Respectfully submitted,

TIMBERCREEK MORTGAGE SERVICING, INC.

By:  /s/ Mia D. D'Andrea
                                One of Its Attorneys

James P. Sullivan
Mia D. D'Andrea (#6307966)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
(312) 845-3000
(312) 701-2361 (FAX)
dandrea@chapman.com

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on January 26, 2017, I electronically filed the foregoing **PLAINTIFF'S MOTION FOR IMMEDIATE POSSESSION AND APPOINTMENT OF RECEIVER** with the Clerk of Court using the Court's CM/ECF electronic filing system, which will automatically send e-mail notification of such filing to all attorneys of record, and I caused same to be served upon:

RMWM Partners LLC
c/o Registered Agent:
RL&F Service Corp.
920 N. King St., Floor 2
Wilmington, DE 19801


Brightspot LLC
c/o Registered Agent:
Penny Chien
932 Valencia Ave.
Mountain View, CA 94040


by personal delivery via process server, on January 27, 2017.



_____ /s/ Mia D. D'Andrea _____
Mia D. D'Andrea

Mot RM.doc
4181939/MDD