IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| TIMBERCREEK MORTGAGE SERVICING, INC., individually and as administrative agent for BCMP Mortgage Investment Corporation, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 17-cv-00610 |
| v. | ) ) | |
| RMWM PARTNERS LLC, BRIGHTSPOT LLC, GUS DAHLEH, UNKNOWN OWNERS, UNKNOWN OCCUPANTS, UNKNOWN TENANTS, and NON-RECORD CLAIMANTS, | ) ) ) ) ) | 1460 & 1470 Golf Road Rolling Meadows, Illinois 60008 |
| Defendants. | ) ) | |

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR IMMEDIATE POSSESSION
AND APPOINTMENT OF RECEIVER

NOW COMES the Plaintiff, Timbercreek Mortgage Servicing, Inc., individually, and as

administrative agent for BCMP Mortgage Investment Corporation, (*"Timbercreek"* or

*"Plaintiff"*), by and through its attorneys, Chapman and Cutler LLP, and respectfully submits

herein its Reply in Support of Its Motion for Immediate Possession and Appointment of Receiver

(*"Motion"*).

INTRODUCTION

Timbercreek's Motion should be granted in its entirety, as Timbercreek is entitled to the

appointment of a receiver pursuant to the express terms of the Mortgage[1] that is the subject of

---

[1]   All capitalized terms not otherwise defined herein shall have the same meaning as those set forth in
Timbercreek's Complaint and Motion.

the Amended Complaint for Foreclosure and Other Relief (*"Complaint"*) and Section 15–1701(b)(2) of the Illinois Mortgage Foreclosure Law (*"IMFL"*).  Defendant RMWM Partners, LLC (*"Defendant"*) has failed to show good cause as to why a receiver should not be appointed.

ARGUMENT

I.  **Timbercreek Is Entitled to the Appointment of a Receiver Pursuant to the Express Terms of the Mortgage and Section 15-1701(b)(2) of the IMFL.**

Timbercreek has satisfied its burden for possession of the Property and the appointment of a Receiver. Under Section 15-1701(b)(2) of the IMFL, a mortgagee of non-residential property that seeks the appointment of a receiver satisfies its burden if it shows that: (1) the mortgage and related written instruments entitle it to possession; and (2) there is a reasonable probability that the mortgagee will prevail on the underlying foreclosure. *See Bank of America, N.A. v. 108 N. State Retail LLC*, 401 Ill. App. 3d 158, 164, 928 N.E.2d 42, 49 (1st Dist. 2010); *Centerpoint Props. Trust v. Olde Prairie Block Owner, LLC*, 398 Ill. App. 3d 388, 392, 923 N.E.2d 878, 882–83 (1st Dist. 2010).  Once a mortgagee satisfies the elements required by the IMFL, the "mortgagee *shall* upon request be placed in possession of the real estate."  735 ILCS 5/15-1701(b)(2) (emphasis added);  *see also Bank of America*, 928 N.E.2d at 49; *Centerpoint*, 923 N.E.2d at 883 (reaffirming that the word "shall" in 735 ILCS 5/15-1702(a) is mandatory and not permissive); s*ee also* 735 ILCS 5/15/-1702(a) ("Whenever a mortgagee entitled to possession so requests, the court *shall* appoint a receiver.") (emphasis added).

The express provisions of the Mortgage clearly authorize Timbercreek to appoint a receiver for the Property in the event of a default.  *See* Motion, ECF No. 5, Exhibit A to Exhibit 1.  Defendant does not contest Timbercreek's right under the loan documents to be placed in possession of the Property in Defendant's Response to Plaintiff's Motion for Appointment of Receiver (*"Response"*).  *See generally* Response, ECF No. 16.  Thus, Timbercreek is authorized

by the Mortgage to take possession of the Property as required by Section 15-1701(b)(2) of the IMFL.

Timbercreek has also established that it has a reasonable probability of prevailing in the underlying foreclosure action. Under Illinois law, a proven default establishes a reasonable probability of success in a mortgage foreclosure action. *See Bank of America*, 928 N.E.2d at 51; *Centerpoint*, 923 N.E.2d at 883. Timbercreek has provided evidence of Defendants' default in the form of the Affidavit of Paul Jones (the *"Jones Affidavit"*). *See* Motion, ECF No. 5, Exhibit 2. Specifically, the Jones Affidavit attests to the default under the Notes and Mortgage as a result of the Borrower's failure to make timely and complete payments when due, failure to establish and maintain Clearing and Cash Management Accounts as required by Sections 3.1 and 3.2 of the Loan Agreement, and further encumbering the Property other than with a Permitted Encumbrance. *See* Motion, ECF No. 5, Exhibit 2, ¶ 5. The Jones Affidavit stands uncontested in support of Timbercreek's Motion. Thus, there is a proven default, and a reasonable probability of Timbercreek's success in the foreclosure action has therefore been established without a doubt. *See Bank of America*, 928 N.E.2d at 51; *Centerpoint*, 923 N.E.2d at 883. Consequently, Timbercreek is entitled, pursuant to the express terms of the Mortgage and the relevant provisions of the IMFL, to immediate and absolute possession of the Property and to designate, in lieu of actual possession, a receiver to act on its behalf. *See Bank of America*, 928 N.E.2d at 49.

The *Bank of America* and *Centerpoint* cases reaffirm that once a mortgagee satisfies the elements required by the IMFL, a presumption is created in favor of the mortgagee's right to possession of non-residential property during the pendency of a mortgage foreclosure proceeding. *See Bank of America*, 928 N.E.2d at 49; *Centerpoint*, 923 N.E.2d at 883. Because

- 3 -

the IMFL directs that the Court *shall* appoint a Receiver whenever "a mortgagee entitled to possession so requests," the Court is required to appoint a Receiver and grant Plaintiff possession of the Property.  *See* 735 ILCS 5/15-1702(a); *Bank of America*, 928 N.E.2d at 49 (reaffirming that the word "shall" in 735 ILCS 5/15-1702(a) is mandatory and not permissive).

## II.    Defendant RMWM Has Failed To Show Good Cause As to Why a Receiver Should Not Be Appointed.

Defendant's arguments rely on case law that clearly predates *Centerpoint* and *Bank of America*, and are thus without merit.  As noted above, *current* Illinois case law and the relevant provisions of the IMFL make clear that Plaintiff's right to a Receiver is clear and absolute, and will not be disturbed absent a showing of good cause, which Defendant did not and cannot provide.

Illinois law makes clear that it is the defendant's burden to demonstrate "good cause" (*Bank of America*, 928 N.E.2d at 49), and that the "good cause" standard is steep.  For example, "good cause" is **not** established:

- where the lender fails to allege or prove that the borrower has committed waste or is not maintaining the property. *Bank of America* , 928 N.E.2d at 59.

- where the borrower argues that the appointment of a receiver would make it difficult to attract prospective tenants, promote projects to investors, and obtain re-financing. *Centerpoint* , 923 N.E.2d at 886.

- where the borrower asserts that it is in a better position to manage the property than the proposed receiver.  *Bank of America* , 928 N.E.2d at 59.

- where the borrower argues that the proposed receiver is unprepared to take over the project and has disqualifying conflicts of interest. *Bank of America*, 928 N.E.2d at 60.

Defendant's claims (and they are just that as Defendant has not supported its Response with a proper affidavit) that good cause exists because: (1) the tenants are adequately maintaining the Property; (2) the Defendant has agreed not to further encumber the Property and

has allowed Plaintiff to inspect the Property; and (3) the rents from the Property are to be collected via lockbox account do not amount to good cause and certainly do not overcome the indisputable fact that Defendant is in default of the Notes and Mortgage. Unsupported representations as to the Property's condition, or Defendant's agreement not to further encumber the Property, or finally having the rental payments directed to the required lockbox are after the fact pleas for sympathy which have no place in the present analysis.[2]

The purported affidavit of Gus Dahleh filed late in the day on February 27, 2017 (6 days after Defendant's Response was due) by Defendant (the *"Dahleh Affidavit"*) (ECF No. 18) adds nothing and smacks of desperation. To begin with, the Dahleh Affidavit is woefully insufficient as it does not: (1) identify Mr. Dahleh or his relationship to the Defendant;[3] (2) provide the basis for his knowledge about the subject matter of this litigation; or (3) attest to the fact that he makes the "statements" contained within the affidavit of his own personal knowledge. Further, Mr. Dahleh simply claims to "adopt" all of the statements contained in Defendant's Response. Even if the Court were to ignore all of the inadequacies of the Dahleh Affidavit, simply "adopting" the statements of a response brief (much of which are not factual, but argument of counsel) does not suddenly result in the Jones Affidavit being contested or Defendant's good cause burden having been met. The Dahleh Affidavit should be stricken and excluded from consideration.

---

[2] It is worth noting that RMWM had previously agreed not to encumber the Property at the time of the execution of the Mortgage, and it clearly violated the parties' agreement by encumbering the Property with a second mortgage from Defendant Brightspot, LLC. *See* Complaint, ECF No. 9, Exhibit A. Therefore, based on prior conduct, the Encumbrance Stipulation provides no adequate assurances to Plaintiff. Finally, as to the collection of rent as detailed in the Stipulation filed at ECF No. 20, Defendant was required to establish the rent lockbox account at the time of the execution of the Mortgage in 2015. However, it was not until Plaintiff sought to enforce its rights via the appointment of a Receiver that Defendant made any efforts to comply.

[3] Mr. Dahleh is the manager of Defendant RMWM. Mr. Dahleh is currently facing criminal bank fraud charges in Case No. 16-cr-00429 pending in the United States District Court for the Northern District of Illinois.

Defendant's last-ditch efforts to strengthen their pitch epitomizes how truly unavailing their Response is. It remains that Defendant has failed to establish good cause as to why a Receiver should not be appointed, and Plaintiff's Motion should be granted.

### CONCLUSION

For the foregoing reasons and those stated in Plaintiff's Motion for Immediate Possession and Appointment of Receiver, Timbercreek's Motion should be granted in its entirety.

Respectfully submitted,

TIMBERCREEK MORTGAGE SERVICING, INC.

_____

/s/ Mia D. D'Andrea

Mia D. D'Andrea

James P. Sullivan
Mia D. D'Andrea (#6307966)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
(312) 845-3000
(312) 701-2361 (FAX)
dandrea@chapman.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 28, 2017, I electronically filed the foregoing **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR IMMEDIATE POSSESSION AND APPOINTMENT OF RECEIVER** with the Clerk of Court using the Court's CM/ECF electronic filing system, which will automatically send e-mail notification of such filing to all attorneys of record, and I caused same to be served upon:

Ariel Weissberg
WEISSBERG & ASSOCIATES, LTD.
401 S. LaSalle Street
Suite 403
Chicago, IL 60605


Ronald A. Damashek
STAHL, COWEN, CROWLEY, ADDIS LLC
55 West Monroe Street
Suite 1200
Chicago, IL 60603


by placing a copy of same in a properly addressed envelope, with sufficient postage affixed, and depositing the same in a U.S. Mailbox located at 111 West Monroe St., Chicago, IL 60603 before 5:00 p.m. on February 28, 2017.


_____/s/ Mia D. D'Andrea_____
Mia D. D'Andrea